IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON L. STARR,<br><br>    Petitioner,<br><br>vs.<br><br>GREGORY J. AHERN, et al.,<br><br>    Respondent. | No. C 12-0061 JW (PR)<br><br>ORDER TO SHOW CAUSE; GRANTING MOTION FOR LEAVE TO PROCEED <u>IN FORMA PAUPERIS</u>; DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Docket Nos. 5 and 7) |

On April 5, 1994, Petitioner was sentenced in Alameda County Superior Court following his conviction of various sex crimes and related offenses. (Docket No. 4 at 2.) Now a state prisoner incarcerated at Santa Rita Jail in Dublin, California, Petitioner has filed a <u>pro se</u> petition for a writ of habeas corpus under 28 U.S.C. § 2254.

### DISCUSSION

A. <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the

respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The instant petition was filed on January 5, 2012, almost eighteen years after Petitioner's conviction in 1994. Petitioner claims that in April 2011, Petitioner learned that exculpatory evidence had been withheld by the prosecution, and then destroyed before it could be submitted for DNA testing. (Docket No. 1 at 1.)

In this instant habeas petition, Petitioner presents three claims:
(1) Petitioner's Sixth Amendment right to a fair trial was violated because "a biased jury foreman caused a 'structural defect in the constitution of the trial mechanism'"

2

(Docket No. 4 at 8); (2) prosecutorial misconduct, specifically the withholding and later destruction of exculpatory evidence (id. at 11); and (3) ineffective assistance of trial counsel for failure to file a motion to dismiss when he learned of the destruction of exculpatory evidence (id. at 12). Liberally construed, Petitioner's second claim is sufficient to merit an answer from Respondent. However, claims 1 and 3 appear to be untimely. Petitioner seems to have been aware of claims 1 and 3, or their underlying facts, since his trial, or at least since his first habeas petition (see Starr v. Lindsey, No. C 97-4154 MJJ (PR)). Petitioner's first claim is that the trial court's failure to strike Juror F for cause resulted in a violation of his Sixth Amendment right to a free trial. (Docket No. 4 at 8.) In Starr v. Lindsay, Petitioner claimed that trial counsel was ineffective when he failed to challenge Juror F for cause. See Starr v. Lindsey, No. C 97-4154 MJJ (PR), Order Denying Petition for Writ of Habeas Corpus, 1999 WL 300661, at *1 (N.D. Cal. May 3, 1999). With regard to the third claim, it appears that Petitioner raised this issue during trial with trial counsel. (Docket No. 4 at 12.)

The apparent procedural problem should be addressed before the Court reaches the merits of the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Respondent shall either (1) move to dismiss claims 1 and 3 on the ground that they are untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

C.     Pending Motions

Petitioner seeks leave to proceed in forma pauperis, (Docket No. 5), which the Court GRANTS.

He also seeks appointment of counsel (Docket No. 7), which the Court DENIES without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner

clearly presented his claims for relief in his petition and an Order to Show Cause has issued. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The Court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the Petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve upon Petitioner, within **thirty (30) days** of the date this order is filed, a motion to dismiss claims 1 and 3 of the petition as untimely, or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3. If Petitioner wishes to oppose the motion to dismiss, he shall do so by filing an opposition with the Court and serving it upon Respondent within **thirty (30) days** of his receipt of the motion to dismiss.

4. Respondent shall file and serve a reply within **fifteen (15) days** of receipt of Petitioner's opposition.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion is denied, the Court will then determine whether to require an answer to the petition.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must

keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved of his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than 5 days prior to the deadline sought to be extended.

This order terminates Docket Nos. 5 and 7.

IT IS SO ORDERED.

DATED: April 10, 2012

JAMES WARE
United States District Chief Judge

G:\PRO-SE\JW-SF\HC-12\Starr-12-0061-osc-request-mtd.wpd